UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL THOMAS MARTINELLI,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 2:23-cv-00423-JAD-EJY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br>re: ECF Nos. 1, 1-1 |

**On 7/21/23, the magistrate judge entered the following report and recommendation:**

Pending before the Court is Plaintiff's *in forma pauperis* application and Complaint. ECF Nos. 1, 1-1. Plaintiff's application to proceed *in forma pauperis* is complete and granted below.

**I.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     PLAINTIFF'S COMPLAINT

Plaintiff, a resident of Clark County, asserts several claims under various federal and state statutes against Tesla, Inc. ("Tesla"). ECF No. 1-1. Plaintiff says he worked for Tesla from September 2015 until February 2022 mostly in California. *Id.* at 2-3.

Plaintiff first brings interrelated claims under the American with Disabilities Act ("ADA") and Family and Medical Leave Act ("FMLA"). Plaintiff states during his employment he required intermittent medical leave to address his serious health condition. *Id.* at 2. Plaintiff contends Tesla approved his intermittent FMLA leave, terminated him while on this leave, and used the excuse that Plaintiff improperly delegated tasks while he was on leave as a justification for his termination. *Id.* at 4-5.

Plaintiff also contends he is a disabled person as defined by the ADA. Plaintiff accuses Tesla of violating the ADA by terminating him after the company first granted and then criticized his need for FMLA leave, refused to offer additional accommodations for Plaintiff's medical treatment, and received information from an outside source regarding Plaintiff's medical condition. *Id.* at 2, 4. Plaintiff further contends Tesla violated his ADA rights when, while Plaintiff was at a doctor's appointment, a supervisor sent a photograph of Plaintiff to his coworkers portraying Plaintiff in a

humiliating light. *Id.* at 4. Plaintiff calls the incident with the photograph an "example of the discriminatory environment exhibited at Tesla" towards people with disabilities. *Id.*

Plaintiff submits Tesla terminated him due to poor performance, but he never received a single negative performance review during his last position with the company. *Id.* at 7. Plaintiff contends he received positive employment reviews, raises in salary, stock options, and an assignment to one of Tesla's largest utility partners all just a few months before his termination. *Id.* Plaintiff argues these moves are nonsensical if Tesla intended to terminate him shortly thereafter for poor performance. *Id.* Plaintiff contends he was singled out due to his disability and received disparate treatment from his non-disabled coworkers. *Id.* at 8.

Plaintiff next alleges he was a "salaried exempt employee" under the Fair Labor Standards Act ("FLSA" or the "Labor Act"). Plaintiff says Tesla violated the FLSA and California labor law when it increasingly assigned manual work to Plaintiff as his primary duty despite his job description and status as salary exempt. *Id.* at 5.

Plaintiff states he is a whistleblower protected from retaliation and has the right to assert claims under the Nevada False Claims Act, California Whistleblower Protection Act, and federal whistleblower prevention laws enforced by the Department of Labor ("DOL"), Department of Justice ("DOJ"), Occupational Safety and Health Administration ("OSHA"), and other applicable agencies. *Id.* at 2. Plaintiff states he was owed a $5,000 pre-tax bonus in the fall of 2021, paid only after he asked Tesla's Human Resources department whether he needed to obtain legal representation to get his bonus. *Id.* at 5-6. Plaintiff says he followed the same pattern when he was not paid for approved time off. *Id.* at 6. Plaintiff alleges Tesla retaliated against him for these acts. *Id.* Further, Plaintiff says when he discovered Tesla's alleged willful violations of federal or state law concerning utility services, he reported these discoveries to management. *Id.* Plaintiff contends there was internal pressure to find ways to circumvent utility regulations in California. *Id.* In late 2021, Plaintiff contends he was reassigned, which led him to discover Tesla employees had intentionally damaged property belonging to a utility company in an attempt to speed up Tesla's business objectives. *Id.* at 7. Plaintiff alleges he was retaliated against for reporting Tesla' wrongdoings. *Id.*

### III. ANALYSIS

    A.    <u>The Court Recommends Plaintiff's ADA Claim Be Dismissed without Prejudice</u>.

The ADA prohibits private employers from discriminating against a person with disabilities (as defined by the ADA). *Puckett v. Park Place Entertainment Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). To state a discriminatory discharge claim based on disability Plaintiff must plead (1) he is disabled as defined under the ADA statutes, (2) he is able to perform the essential functions of his job, with or without reasonable accommodations, and (3) he suffered an adverse employment action because of his disability. *Hutton v. Elf Atochem North America, Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations omitted).

To be disabled under the ADA Plaintiff must have "a physical or mental impairment that substantially limits one or more major life activities," a record of such an impairment; or must be regarded as disabled. *Valtierra v. Medtronic Inc.*, 232 F.Supp.3d 1117, 1124 (D. Ariz. 2017), *citing* 42 U.S.C. § 12102(1). To establish disability the plaintiff must identify—allege—a specific disability and an explanation of how that disability limited a major life activity. *Danielson v. Stratosphere*, LLC, Case No. 2:10-cv-2241 JCM (GWF), 2011 WL 1767809, at *2 (D. Nev. May 9, 2011). Without this allegation, the claim fails. *Id.*

Plaintiff does not identify his disability anywhere in his 11 page Complaint. Instead, Plaintiff repeatedly concludes he is disabled and Tesla discriminated against him on this basis. ECF No. 1-1 at 1, 4. Absent the identification of a disability these conclusory statements do not satisfy the prima facie elements of an ADA violation. Thus, the Court recommends dismissing Plaintiff's ADA claim without prejudice and with leave to amend as the deficiencies in Plaintiff's Complaint may be potentially cured.

    B.    <u>Plaintiff's FMLA Claim May Proceed</u>.

To state an FMLA claim, an employee must demonstrate either: (1) retaliation or discrimination, or (2) interference with his FMLA rights. *Ramirez v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-01174-APG-BNW, 2022 WL 3715751, at *6 (D. Nev. Aug. 29, 2022), *citing Sanders v. City of Newport*, 657 F.3d 772, 777-78 (9th Cir. 2011). An allegation that an employer terminated an employee because he or she took FMLA leave is construed and analyzed as an interference claim.

*Id. citing Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). To state an interference claim, a plaintiff must plead only that his decision to exercise his or her FMLA rights was a negative factor in the employer's termination decision. *Id. citing id.* at 1124-25. Either direct or circumstantial evidence may be presented including proximity in time of the leave request to the termination. *Id. citing Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1137 (9th Cir. 2003).

Plaintiff says he was fired while on approved intermittent FMLA leave. ECF No. 1-1 at 4. Plaintiff claims Tesla used the excuse that Plaintiff had "delegated tasks" and demonstrated "poor performance" as a pretext for firing him when the real reason for his termination was frustration with Plaintiff's FMLA leave. *Id.* at 4, 7. Plaintiff argues his successful tenure with Tesla, including a lack of negative job reviews together with important assignments, evidences the contradiction in Tesla's justification for his termination. *Id.* at 7. While Plaintiff's allegations are relatively thin, his Complaint states sufficient facts, when construed liberally, to state a cognizable FMLA interference claim. *See Jones v. Velocity Technology Solutions LLC*, Case No. 2:19-cv-2374-KJM-EFB PS, 2020 WL 4430636, at *3 ("Plaintiff alleges that he suffered a serious health condition and that … [his employer] granted his request for leave under the FMLA. He further claims that while he was on FMLA-protected leave, his employment was terminated without reason. These allegations are sufficient to state a cognizable FMLA claim against … [his employer].").

Plaintiff's FMLA claim may proceed.

    C.    <u>The Court Recommends Dismissing Plaintiff's Claim Under FLSA without Prejudice.</u>

The FLSA prohibits employers from discharging employees or otherwise discriminating against an employee because the employee filed a complaint under or related to the protections granted under the Labor Act. *Yarbrough v. Canyon Gate at Las Vegas, Inc.*, Case No. 2:14-cv-2216 JCM (CWH), 2015 WL 1034413, at *2 (D. Nev. Mar. 10, 2015), *quoting* 29 U.S.C. § 215(a)(3). To state an FLSA claim, a plaintiff must allege either that he was paid below minimum wage or that he worked overtime and was not compensated appropriate wages. *Id.* at *3. The complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Marks v.*

*David Saxe Productions, LLC*, Case No. 2:17-cv-02110-KJD-DJA, 2020 WL 4905541, at *3 (D. Nev. Aug. 20, 2020), *citing Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). This standard can be met by written or oral complaints. *Id. citing id.*

Plaintiff contends he was a salaried exempt employee while working for Tesla and his primary duties as an exempt employee could not be manual work. ECF No. 1-1 at 5. Plaintiff argues by requiring Plaintiff to complete manual work Tesla violated Plaintiff's rights under the FLSA and used Plaintiff's apparent failure to complete assigned manual work as justification for his termination in violation of the FLSA. *Id.* Nowhere in Plaintiff's Complaint does he alleged he was misclassified as an exempt employee based on the manual task assignments. Plaintiff does not seek relief as a misclassified employee resulting in Tesla's failure to pay him minimum wage or overtime wages.

Plaintiff's allegations fail to state a cognizable FLSA claim. However, Plaintiff may be capable of pleading facts that support an FLSA violation, the Court recommends dismissing Plaintiff's FLSA claim without prejudice but with leave to amend.

D. <u>The Court Recommends Dismissing Plaintiff's Nevada False Claims Act with Prejudice</u>.

The "Nevada False Claims Act make[s] liable anyone who: knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or, knowingly makes, uses, or causes to be made or used, a false record or statement to get a claim paid or approved by the Government." *United States v. My Left Foot Children's Therapy, LLC*, Case No. 2:14-cv-01786-MMD-GWF, 2017 WL 1902159, at *1 (D. Nev. May 9, 2017), *citing* 31 U.S.C. § 3729(a)(1)(A)-(B); NRS § 357.040(1)(a)-(b). Plaintiff does not allege any facts concerning a claim paid or approved by the Nevada state government. Therefore, the Court recommends dismissing Plaintiff's Nevada False Claims Act claim with prejudice.

E. <u>The Court Recommends Dismissing Plaintiff's California Whistleblower Protection Act Claim with Prejudice</u>.

Setting aside the choice of law components of analyzing a claim made under California law in Nevada federal court, Plaintiff cannot obtain relief under the California Whistleblower Protection Act. "California's Whistle Blower Protection Act ('WPA') was designed to protect persons who

disclose information about 'improper governmental activity.'" *Pinder v. Employment Development Dep't*, Case No. CIV. S-13-817 LKK/AC, 2013 WL 4482955, at *8 (E.D. Cal. Aug. 20, 2013), *citing Bjorndal v. Superior Court*, 211 Cal.App.4th 1100, 1107 (Cal.App. 1 Dist.2012); Cal. Gov.Code § 8547.2(c), (e)). "A state official who uses his or her 'authority or influence' to interfere with such disclosures is subject to 'an action for civil damages brought ... by the offended party.'" *Id. citing* Cal. Gov.Code § 8547.3(a), (c)). Plaintiff sues Tesla, which is a private entity, not an agency of the California state government. Thus, the Court recommends dismissing Plaintiff's California Whistleblower Protection Act claim with prejudice.

    F. <u>The Court Recommends Dismissing Plaintiff's Whistleblower Protection Claims</u>.

Plaintiff alleges that he was entitled to federal whistleblower protections under the DOL, DOJ, OSHA, and "any other protections where applicable." *Id.* While the Court liberally construes complaints filed by pro se filers, the Court will not infer causes of action or write Plaintiff's Complaint for him. *See Mile v. Ryan*, Case No. CV 12-1064-PHX-JAT, 2013 WL 3335217, at *6 (D. Ariz. July 2, 2013) ("The Court will not infer a claim where one is not alleged"); *see also Gonzalez v. Fresno Sheriff's Dep't*, Case No. 1:15-cv-001200-BAM (PC), 2017 WL 1353733, at *4 (E.D. Cal. Apr. 12, 2017) ("The Court will not infer factual allegations necessary for Plaintiff to state a claim."). Plaintiff fails to identify a cause of action under this titled claim. While retaliation is prohibited by law under the ADA, FMLA, and FLSA, these are not whistleblower claims.

Certain federal laws, such as the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)-(9), apply only to government employees. *Austin v. Tesla*, Case No. 20-cv-00800-JCS, 2020 WL 12772245, at *3 (N.D. Cal. May 6, 2020). Further, there are more than twenty federal whistleblower protection statutes largely assigned to the DOL and administered by OSHA that also cover individuals and entities in the private sector.[1] *Lawson v. FMR LLC*, 571 U.S. 429, 436-37 (2014). If Plaintiff wants to file a whistleblower claim, he must allege sufficient facts to state a claim under the statute he identifies. Plaintiff must also adhere to the applicable required exhaustion of

---

[1] A full list of the whistleblower protection laws enforced by OSHA is included on the relevant page of OSHA's website. *Whistleblower Protections*, UNITED STATES DEPARTMENT OF LABOR, https://www.whistleblowers.gov (last visited July 19, 2023).


administrative remedies prior to bringing suit. Failure to do so may result in any whistleblower protection claim being dismissed.

Although the Court finds it unlikely Plaintiff can state a federal whistleblower claim, it is not impossible for Plaintiff to do so. Therefore, the Court recommends Plaintiff's federal whistleblower claims be dismissed without prejudice and with leave to amend allowing Plaintiff to identify particular federal or state whistleblower protection laws which are applicable to non-governmental workers.

**IV.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claim under the Family and Medical Leave Act may proceed.

**V.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's claim under the California Whistleblower Protection Act be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiffs' claim under the Nevada False Claims Act be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claim under the Americans with Disabilities Act be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's claim under the Fair Labor Standards Act be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiffs' claim of federal whistleblower violations be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **August 25, 2023** to file an amended complaint. Plaintiff is advised that if he chooses to file an amended complaint it must be complete in and of itself. This means all facts supporting all claims **must** be contained in the amended complaint. The Court cannot look back to Plaintiff's original Complaint for any purposes because, upon filing the amended complaint, Plaintiff's original Complaint is

nullified. If Plaintiff does not file an amended complaint on or before **August 25, 2023**, it is recommended the case proceed on claims identified in the Order above.

DATED this 21st day of July, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### ORDER ADOPTING REPORT AND RECOMMENDATION

The deadline to object to this report and recommendation passed on 8/4/23, and the plaintiff neither objected nor moved to extend the deadline to do so. As the district judge has reviewed the report and recommendation and finds good cause to adopt it, IT IS ORDERED that the magistrate judge's report and recommendation **[ECF No. 4] is ADOPTED in its entirety**; plaintiff's claims under the California Whistleblower Protection Act and Nevada's False Claims Act are DISMISSED with prejudice; his claims under the Americans with Disabilities and Fair Labor Standards Acts and his claims based on federal whistleblower violations are dismissed without prejudice and with leave to amend by August 29, 2023.

**If the plaintiff does not file an amended complaint that complies with the instructions the magistrate judge outlined above by August 29, 2023, this case will proceed only on plaintiff's FMLA claim.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 9, 2023