UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL THOMAS MARTINELLI,

Plaintiff,

v.

TESLA, INC.,

Defendant.

Case No. 2:23-cv-00423-JAD-EJY

**ORDER and**

**REPORT AND RECOMMENDATION**
Re: ECF No. 6

Pending before the Court is Plaintiff's First Amended Complaint (the "FAC"), which is mistitled as a "Complaint." ECF No. 6. The Court screens the FAC in accordance with 28 U.S.C. § 1915(e)(2).

**I.    Screening Standard.**

When screening a complaint, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 whether reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead

more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Plaintiff's FAC

Plaintiff asserts claims under the American with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").  Plaintiff also appears to assert a claim under the Workers Adjustment and Retraining Act ("WARN") and, potentially, a claim under the Fair Labor Standards Act (the "FLSA"), and a breach of agreement regarding a bonus he received.  Plaintiff also makes reference to retaliation on page 7 of the FAC, but fails to identify the law allegedly violated based on these allegations.

Plaintiff states he was employed by Defendant from September 2015 through February 2022, his employer employed at least 50 individuals within a 75 mile radius during this time period, Plaintiff was eligible and approved for FMLA, and he took intermittent leave under the FMLA for his own serious health condition during which time he could not perform the essential functions of his job.  ECF No. 6 at 2.  Plaintiff says he suffers from Erb's Palsy, partial paralysis on his right side, pain and limited mobility, and receives ongoing medical care for his condition.  *Id*. at 4-5.  Plaintiff contends his ADA rights were violated when an email was sent by a supervisor that included his depiction on a milk carton.  *Id*. at 4.  Plaintiff further states that Elon Musk ("Musk"), Tesla's CEO, was recently "publicly shamed" because of Musk's neuromuscular condition thus demonstrating the discriminatory environment in which he works.  *Id*.

With respect to the FMLA, Plaintiff alleges he was terminated while on approved intermittent FMLA leave for "delegating tasks."  *Id*. at 6.  Plaintiff contends Tesla terminated him for not completing these tasks despite being on leave, which is a violation of the FMLA.  *Id*.  Plaintiff

1   reiterates his FMLA claim as a retaliation claim alleging that at the time he was terminated others in

2   his department not on FMLA were not terminated.  *Id*. at 9.

3       Plaintiff also avers he was promised a $5,000 bonus that was paid "several months late" and

4   that taxes were withheld contrary to the promise made.  *Id*.  Plaintiff further claims he was not paid

5   for submitted and approved paid time off.  *Id*.  Plaintiff says he "stated he would need to take legal

6   action if" the shortage of pay continued.  *Id*.  Plaintiff does not state if the shortages continued or if

7   he was ever reimbursed for deductions allegedly wrongfully made.  Plaintiff does not allege this is

8   why he was terminated.  *See* ECF No. 6, *generally*

9       Plaintiff asserts he reported concerns about several company business practices to

10  management—specifically, issues related to "federal and state law," utility regulations, and

11  "violation of the signed legal agreement customers had with utility partners" that resulted in his

12  termination.  *Id*. at 7.  However, Plaintiff does not identify the law supposedly violated under which

13  his alleges a retaliatory termination.  *Id*.

14      Plaintiff contends he was assigned to Defendant's "largest utility partner" months before his

15  termination and that it is "illogical and disingenuous" for the company to suggest he was a poor

16  performer given this assignment.  *Id*. at 8.

17      Finally, Plaintiff says Defendant acted in bad faith when it terminated him after giving him

18  the choice to relocate to Utah or accept a severance package after issuing a notice under WARN.  *Id*.

19  at 9.

20  **III.    ANALYSIS**

21      a.    Plaintiff's ADA Claim.

22      The ADA prohibits private employers from discriminating against a person with disabilities.

23  *Puckett v. Park Place Entertainment Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).  To state a

24  discriminatory discharge claim based on disability Plaintiff must plead (1) he is disabled as defined

25  under the ADA statutes, (2) he is able to perform the essential functions of his job with or without

26  reasonable accommodations, and (3) he suffered an adverse employment action because of his

27  disability.  *Hutton v. Elf Atochem North America, Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations

28  omitted).

Plaintiff's pleading avers sufficient facts to facially establish that he has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102.  However, to qualify for protection under the ADA, Plaintiff must also plead he is able to perform the essential functions of his job with or without a reasonable accommodation.  *Allen v. Pac. Bell,* 348 F.3d 1113, 1114 (9th Cir.2003); 42 U.S.C. § 12111(8).  While Plaintiff admits he could not perform his job during times he was on intermittent FMLA (ECF No. 6 at 2), Plaintiff states nothing about whether he could perform the essential functions of his job when at work.  Plaintiff also does not allege he sought any reasonable accommodation in order to perform the essential functions of his job or that Defendant denied him a requested accommodation.  *See Allen*, 348 F.3d at 1114 (to state a failure to accommodate claim under the ADA, the plaintiff must allege: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of her job with reasonable accommodation; (3) she requested an accommodation; and (5) the employer failed to reasonably accommodation his disability).  *See also Iwaniszek v. Pride Transport, Inc.*, Case No. 2:17-cv-02918-JCM-BNW, 2021 WL 634991, at *3 (D. Nev. Feb. 17, 2021).

Plaintiff previously pleaded an ADA claim that was dismissed without prejudice and with leave to amend.  ECF Nos. 1, 4.  Plaintiff's FAC fails to include allegations sufficient to support an inference that he was terminated because of his alleged disability.  Plaintiff also fails to assert facts suggesting he sought and was denied a reasonable accommodation.  Thus, Plaintiff once again fails to state a claim under the ADA.  The elements of a viable ADA claim were identified by the Court in its prior Report and Recommendation.  ECF No. 4.  Based on the foregoing, the Court recommends dismissing Plaintiff's ADA claim without prejudice, but without leave to amend.  *See Lee v. Delta Airlines, Inc.*, Case No.: CV 20-8754-CBM-(JEMx), 2021 WL 5990162, at * 6 (C.D. Cal. Jun 2, 2021).

     b.   <u>Plaintiff's FMLA Claims</u>.

To state an FMLA claim, an employee must allege either: (1) retaliation or discrimination, or (2) interference with his FMLA rights.  *Ramirez v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-01174-APG-BNW, 2022 WL 3715751, at *6 (D. Nev. Aug. 29, 2022), *citing Sanders v. City of Newport*, 657 F.3d 772, 777-78 (9th Cir. 2011).  An allegation that an employer terminated an

employee because he took FMLA leave is construed and analyzed as an interference claim. *Id. citing Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001). To state an interference claim, a plaintiff must plead only that his decision to exercise his FMLA rights was a negative factor in the employer's termination decision. *Id. citing id.* at 1124-25. Either direct or circumstantial evidence may be presented including proximity in time of the leave request to the termination. *Id. citing Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1137 (9th Cir. 2003).

Plaintiff says he was fired while on approved intermittent FMLA leave. ECF No. 6 at 6. Plaintiff says Defendant did not terminate other individuals employed in his department at the time he was employed and those others were not on FMLA. *Id.* at 9. Plaintiff also claims that the reason he was terminated—because he "delegated tasks" while on leave—is a pretext for the real reason he was terminated. *Id.* at 6. Plaintiff complains he was not offered reinstatement as required by the FMLA. *Id.*

While Plaintiff's allegations remain thin, his FAC states sufficient facts, when construed liberally, to state a cognizable FMLA interference claim based on his termination. *See Jones v. Velocity Technology Solutions LLC*, Case No. 2:19-cv-2374-KJM-EFB PS, 2020 WL 4430636, at *3 ("Plaintiff alleges that he suffered a serious health condition and that … [his employer] granted his request for leave under the FMLA. He further claims that while he was on FMLA-protected leave, his employment was terminated without reason. These allegations are sufficient to state a cognizable FMLA claim against … [his employer]."). This portion of Plaintiff's FMLA claim may proceed.

With respect to Plaintiff's claim that he was not "reinstated" to his position following FMLA leave, he must plead "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders,* 657 F.3d at 778. Here, Plaintiff is clear that he was approved for and took intermittent FMLA leave, which presupposes his leave was for recurring short periods of time, not a single block of time. *See FMLA Frequently Asked Questions | U.S. Department of Labor (dol.gov)*. However, Plaintiff's allegations do not include that he was attempting to return to work following

leave at the time her was termed.  Instead, Plaintiff alleges that he was, at some unidentified point in time, offered a transfer.

An employee on FMLA has no greater rights to reinstatement or "other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. § 825.216(a).  "[I]f an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to … *restore the employee cease at the time the employee is laid off* …." *Id.* (a)(1) (emphasis added).  Plaintiff provides no facts that allow the Court to reasonably interpret his allegations as a failure to reinstate him as he attempted to return from intermittent leave.  Because Plaintiff alleges he was offered a transfer in lieu of a severance, Plaintiff's factual contention belie the notion that there was a refusal to reinstate.

However, the Court finds it is not impossible for Plaintiff to state a claim based on the failure to reinstate following FMLA leave.  For this reason, the Court recommends dismissing this claim without prejudice and with **one** additional opportunity to amend.

c.    Plaintiff's Delayed and Taxed Bonus, and Deductions from Pay for Approved Time Off.

A breach of contract claim under Nevada law requires "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.,* 818 F.Supp.2d 1271, 1274 (D.Nev.2011).  Under the Internal Revenue Code, the IRS treats bonuses as supplemental wages that are taxable. *See* 26 C.F.R. § 31.3402(g)-1.  Plaintiff provides no factual details regarding the vaguely referred to agreement regarding payment of a bonus that was delayed and taxed.  Without additional facts there is no basis upon which the Court can conclude that a promise (a contract) of some type made to Plaintiff by Defendant was breached or that the bonus payment was exempt from taxes.

Plaintiff's allegations regarding deductions from pay for approved time off are equally vague.  It is unclear from Plaintiff's FAC whether he was an exempt or nonexempt employee under the FLSA.  As explained in the Court's prior Report and Recommendation, to state an FLSA claim as a *nonexempt* employee a plaintiff must allege either that he was paid below minimum wage or that he worked overtime and was not compensated appropriate wages. *See* EFC No. 4 *citing Yarbrough v.*

*Canyon Gate at Las Vegas, Inc.*, Case No. 2:14-cv-2216 JCM (CWH), 2015 WL 1034413, at *2 (D. Nev. Mar. 10, 2015), quoting 29 U.S.C. § 215(a)(3).  The complaint "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  *Id. citing Marks v. David Saxe Productions, LLC*, Case No. 2:17-cv-02110-KJD-DJA, 2020 WL 4905541, at *3 (D. Nev. Aug. 20, 2020), *citing Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).  This and more was explained to Plaintiff by the Court on July 21, 2023.  Despite the Court's instructions, Plaintiff fails to allege a claim as a nonexempt employee.  If Plaintiff was an exempt employee, Defendant could lawfully deduct from his salary hours taken as intermittent leave under the FMLA without Plaintiff losing his exempt status under the FLSA.  *See* 29 C.F.R. § 825.206.

In sum, Plaintiff allegations regarding his allegedly delayed and taxed bonus, even when broadly construed, do not state an identifiable claim as a matter of law.  Plaintiff also shifted his claims under the FLSA from allegations of being assigned manual tasks to deductions from pay.  *Compare* ECF Nos. 1 and 6.  The requirements to state a claim based on non-exempt status under FLSA was explained to Plaintiff in the Court's prior Report and Recommendation.  ECF No. 4.  Plaintiff did not head the instructions provided.  Plaintiff's allegations, if based on his status as an exempt employee, regarding deductions for use of intermittent FMLA fail as a matter of law.

The Court finds Plaintiff appears to be searching for a claim through varied factual allegations that are insufficient to state a cause of action under state contract law or the FLSA.  Because Plaintiff had ample time to plead these claims and failed to do so, the Court recommends dismissing Plaintiff's bonus and deductions from pay claims without prejudice, but without leave to amend.

      d.    <u>Plaintiff's WARN Allegations</u>.

A plaintiff may seek damages under WARN for failure to provide notification required by the Act. 29 U.S.C. § 2101 *et seq.*  However, a WARN "[n]otice is not required in certain cases involving transfers because the transfer is not considered an employment loss."  *See* WARN2003.qxd (dol.gov) (last accessed November 17, 2023) at 4.  Here, Plaintiff says he was provided an opportunity to transfer or accept a severance "after" Defendant issued a WARN notice."

ECF No. 6 at 9.  This allegation is contrary to stating a facial claim of a failure to provide the required notification under WARN.  The allegation also supports the conclusion that Defendant's offer of a transfer obviated WARN obligations.  Further, "[w]hile an employer who pays workers for 60 calendar days instead of giving them proper notice is [still] in violation of WARN, the provision of pay and benefits in place of a notice is a possible option.  Because WARN provides for back pay and benefits for the period of the violation for up to 60 days, generally this approach by an employer—pay in place of notice—means that the employer has already met the penalty specified in the Act.  *Id*. at 13.

The foregoing demonstrates Plaintiff fails to allege facts supporting a WARN violation.  If Plaintiff seeks to assert a claim under WARN, he must amend his complaint a second time to do so.  The Court grants Plaintiff **one** additional opportunity to state this claim.

e.    Plaintiff's Retaliation Claims other than Based on the FMLA.

Plaintiff's pleadings regarding retaliation fails because, with the exception of identifying the FMLA (addressed above), he does not state under what legal premise he seeks to proceed.  ECF No. 7 at 7.  The Court notes Plaintiff's prior claims under the California Whistleblower Protection Act and Nevada False Claims Act were dismissed with prejudice.  ECF No. 5.  Plaintiff's claim under federal whistleblower protection were dismissed without prejudice and with leave to amend.  *Id*. However, Plaintiff's FAC does not identify any whistleblower (or anti-retaliation) law under which he seeks to proceed in his discussion.  ECF No. 7 at 7.  While the Court liberally construes complaints filed by pro se filers, the Court will not infer causes of action or write Plaintiff's Complaint for him.  *See Mile v. Ryan*, Case No. CV 12-1064-PHX-JAT, 2013 WL 3335217, at *6 (D. Ariz. July 2, 2013) ("The Court will not infer a claim where one is not alleged"); *see also Gonzalez v. Fresno Sheriff's Dep't*, Case No. 1:15-cv-001200-BAM (PC), 2017 WL 1353733, at *4 (E.D. Cal. Apr. 12, 2017) ("The Court will not infer factual allegations necessary for Plaintiff to state a claim.").  In the absence of a theory under which Plaintiff alleges retaliation, other than his claim tied to the FMLA, the Court finds Plaintiff fails to state a cognizable claim for relief.  Plaintiff was previously provided guidance regarding his whistleblower (retaliation) claim, but failed to cure the deficiencies noted.  On this

basis the Court recommends dismissing Plaintiff's unidentified retaliation claims in his FAC with prejudice.

**IV.     ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's claim under interference with his Family and Medical Leave Act rights may proceed.

IT IS FURTHER ORDERED that Plaintiff's claim arising from alleged non-reinstatement following FMLA is dismissed without prejudice and with **one** additional opportunity to amend.

IT IS FURTHER ORDERED that Plaintiff's claim alleging a WARN Act violation be dismissed without prejudice and with **one** additional opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, he must do so no later than **December 22, 2023**.  The complaint **must** be labeled "SECOND AMENDED COMPLAINT" and **must** include all facts and claims on which Plaintiff seeks to proceed even if the same claim is in the current complaint because a newly filed second amended complaint will replace the current First Amended Complaint in its entirety.   The proposed second amended complaint must be complete in and of itself as nothing in the First Amended Complaint will be considered by the Court.

IT IS FURTHER ORDERED that if Plaintiff does not file a second amended complaint on or before **December 22, 2023**, the First Amended Complaint will be the operative complaint and Plaintiff will be permitted to proceed on his FMLA interference claim.

**V.     RECOMMENDATION**

IT IS FURTHER RECOMMENDED that Plaintiff's claim under the American with Disabilities Act be dismissed without prejudice, but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's claim relating to his bonus and deductions from pay be dismissed without prejudice, but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's insufficiently and unidentified pleaded retaliation claims be dismissed with prejudice.

DATED this 20th day of November, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).